# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 16, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| GORDON MORRIS, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 23-760V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Alison Haskins, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.
Elizabeth Andary, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 24, 2023, Gordon Morris ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that he suffered Bell's palsy as a result of an influenza ("flu") vaccination administered on October 4, 2017. Petition at 1-6 (ECF No. 1). The undersigned issued a decision based on stipulation on May 12, 2025. Decision Based on Stipulation dated May 12, 2025 (ECF No. 46).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On June 16, 2025, Petitioner filed an application for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Mot."), filed June 16, 2025 (ECF No. 51). Petitioner requests compensation in the amount of $71,615.57, representing $44,763.40 in attorneys' fees ($19,750.90 incurred by mctlaw and $25,012.50 incurred by Siri Glimstad LLP) and $26,852.17 in costs (to Siri Glimstad LLP).[3] Id. at 1-2. Petitioner warrants that he has not personally incurred any costs in pursuit of his claim for compensation. Id. at 2; Pet. Exhibit ("Ex.") 27. Respondent filed his response on June 24, 2025, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot. ("Resp. Response"), filed June 24, 2025, at 2 (ECF No. 52). Petitioner filed a reply on June 24, 2025, reiterating his request for attorneys' fees and costs. Pet. Reply to Resp. Response, filed June 24, 2025 (ECF No. 53). The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of her counsel, Ms. Alison Haskins: $510.00 per hour for work performed in 2024 and $525.00 per hour for work performed in 2025. Petitioner also requests rates between $187.00 and $195.00 for work of their counsel's paralegals performed from 2024 to 2025.

Additionally, Petitioner requests the following hourly rates for the work of Petitioner's previous counsel, mctlaw: for Ms. Allison Haskins, $492.00 per hour for work performed in 2023; for Mr. Altom Maglio, $520.00 per hour for work performed in 2022; for Ms. Danielle Strait, $480.00 per hour for work performed in 2024; and for Mr. Joseph Vuckovich, $415.00 per hour for work performed in 2023 and $445.00 per hour for work performed in 2024. Petitioner also requests rates between $160.00 and $190.00 for the work of paralegals at mctlaw from 2022 to 2024.

The undersigned finds the rates consistent with what counsel has previously been awarded for their Vaccine Program work, and finds them to be reasonable herein. Additionally, the undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full.

Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

Therefore, the undersigned finds no cause to reduce the requested hours or rates, or the requested costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs.

---

[3] Siri Glimstad LLP previously reimbursed mctlaw for the costs they incurred while Petitioner was a client at their firm.

**Accordingly, the undersigned awards:**

**Petitioner is awarded attorneys' fees and costs in the total amount of $71,615.57, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[5]

**IT IS SO ORDERED.**

                                                                **/s/ Nora Beth Dorsey**
                                                                Nora Beth Dorsey
                                                                Special Master

---

[4] Petitioner requested all attorneys' fees and costs be made payable to the IOLTA account for Siri Glimstad LLP as some fees and costs were previously reimbursed to mctlaw. See Pet. Ex. 26. Counsel shall disperse the appropriate funds to mctlaw in accordance with this Decision.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.